■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WALTER WAITERS, Respondent. — Order of the Supreme Court, Bronx County (Joseph Di Fede, Jr., J.), entered on May 12, 1983, which set aside a jury verdict convicting defendant of burglary in the third degree and grand larceny in the third degree, is reversed, on the law and the facts, the jury verdict reinstated and the matter remanded for sentencing. According to the evidence elicited at trial, Police Officers Jose Feliciano and Dominick Convertino were on patrol duty in the early morning hours of April 26, 1981 when they received a radio report of a burglary in progress at 2155 Grand Avenue in The Bronx. They immediately proceeded to that location, a small grocery store situated on the street level of an apartment building. After ascertaining that the gate and locks of the store were still secure, the officers went upstairs to the vacant apartment directly above the store. Officer Feliciano drew his gun and then pushed open the door, illuminating the way by means of a flashlight. Inside, he observed the defendant exiting one of the rooms in the apartment. In response to the officer's inquiry concerning the defendant's presence on the scene, the latter replied that he was taking pipes. Officer Feliciano noticed that the defendant's hands and clothing were covered with white dust. Entering the room from which the defendant had emerged, the officer saw a hole in the floor measuring some two feet by two feet surrounded by approximately $1,100 worth of foodstuffs and various other items. No pipes were found to have been removed from the apartment. Subsequently, a second suspect was apprehended in the store itself. The defense called a number of witnesses, among them Dorothy Langhorn, a long-time friend of the defendant's, who testified that he had resided with her and her two children for about a year. During the night of April 25-26, she and the defendant were watching television. She stepped into the kitchen at some point between 11:00 P.M. and midnight in order to get a snack and heard noises coming from the hallway outside of her apartment. She started to investigate but the defendant volunteered to go in her place. In a matter of no more than 10 minutes, a neighbor informed her of the defendant's arrest. Another defense witness, Detective Charles Meleski, stated that when he had interviewed the defendant about eight hours after his arrest, the defendant claimed to have gone to the apartment to check out the noises emanating from within. Although the jury found the defendant guilty on both counts of the indictment, the court, upon application of the defendant, set aside the verdict on the basis of inadequacy of the evidence. The People have appealed the court's decision, contending that the evidence, while circumstantial, was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. We agree. The measure for determining the degree of proof in cases resting entirely on circumstantial evidence is that the facts must be inconsistent with the defendant's innocence and "must exclude to a moral certainty every other reasonable hypothesis". (*People v Bearden,* 290 NY 478, 480; see, also, *People v Way,* 59 NY2d 361; *People v Cleague,* 22 NY2d 363.) However, when examining the evidence, the court must view the facts in the light most favorable to the People and give them "the benefit of every reasonable inference to be drawn therefrom". (*People v Way, supra,* at p 365; see, also, *People v Montanez,* 41 NY2d 53.) Applying the foregoing standard, the evidence was certainly sufficient for the jury to conclude that the defendant, acting in concert with another, was engaged in burglarizing the grocery store. He was observed exiting from a room where the officers discovered a hole leading to the store. Scattered on the floor was approximately $1,100 worth of meats, poultry, frozen foods, canned goods, cigarettes and sundry other items.

The defendant had white dust on his hands and clothing. When he was questioned by the police, he explained that he was removing pipes from the apartment, yet the pipes were, in fact, intact. These facts are not consistent with the defendant's innocence, and the jury was, therefore, warranted in returning a guilty verdict. Concur — Kupferman, J. P., Sullivan, Ross, Milonas and Alexander, JJ.